IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NORMAN WASHINGTON WILLIAMS,

    Plaintiff,                        No. CIV S-04-2291 FCD KJM P

    vs.

RICHARD SANDHAM, et al.,        <u>ORDER AND</u>

    Defendants.               <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Plaintiff is a California prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. Several matters are before the court.

I. <u>September 13, 2006 Motion For Summary Judgment</u>

        Defendants Bates and Winters move for summary judgment. Summary judgment is appropriate when it is demonstrated that there exists "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Under summary judgment practice, the moving party

> always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

<u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). "[W]here the

nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" Id. Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. See id. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing

1  versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631.  Thus, the "purpose of summary
2  judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a
3  genuine need for trial.'"  Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory
4  committee's note on 1963 amendments).

5  In resolving the summary judgment motion, the court examines the pleadings,
6  depositions, answers to interrogatories, and admissions on file, together with the affidavits, if
7  any.  Fed. R. Civ. P. 56(c).  The evidence of the opposing party is to be believed.  See Anderson,
8  477 U.S. at 255.  All reasonable inferences that may be drawn from the facts placed before the
9  court must be drawn in favor of the opposing party.  See Matsushita, 475 U.S. at 587.
10 Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to
11 produce a factual predicate from which the inference may be drawn.  See Richards v. Nielsen
12 Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir.
13 1987).  Finally, to demonstrate a genuine issue, the opposing party "must do more than simply
14 show that there is some metaphysical doubt as to the material facts . . . . Where the record taken
15 as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no
16 'genuine issue for trial.'"  Matsushita, 475 U.S. at 587 (citation omitted).

17 On January 10, 2006, the court advised plaintiff of the requirements for opposing
18 a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure.  See Rand v. Rowland, 154
19 F.3d 952, 957 (9th Cir. 1998) (en banc); Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988).

20     A. Standards Applicable To Eighth Amendment Medical Care Claims

21 In Estelle v. Gamble, 429 U.S. 97, 106 (1976), the Supreme Court held that
22 inadequate medical care did not constitute cruel and unusual punishment cognizable under
23 section 1983 unless the mistreatment rose to the level of "deliberate indifference to serious
24 /////
25 /////
26 /////

medical needs." In the Ninth Circuit,

> the test for deliberate indifference consists of two parts. First, the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain." Second, the plaintiff must show the defendant's response to the need was deliberately indifferent. This second prong-defendant's response to the need was deliberately indifferent-is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care.

Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal citations & quotations omitted); see also McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir.1992), overruled in part on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997).

A showing of merely inadvertent or even negligent medical care is not enough to establish a constitutional violation. Estelle, 429 U.S. at 105-06; Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir.1998). A difference of opinion about the proper course of treatment is not deliberate indifference nor does a dispute between a prisoner and prison officials over the necessity for or extent of medical treatment amount to a constitutional violation. See, e.g., Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

A medical need is serious if failure to treat the condition could cause further significant injury or the unnecessary and wanton infliction of pain. McGuckin, 974 F.2d at 1059.

> The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a "serious" need for medical treatment.

Id. at 1060.

/////

B. <u>Analysis</u>

In his complaint, plaintiff alleges that between July 16 and 19, 2000, and again between September 1, 2000 and February 4, 2001, defendants Bates and Winters, both employed as Medical Technical Assistants (MTAs) for the California Department of Corrections and Rehabilitation (CDCR), were among those who "deleberately refused to gave me proper medical attention over and over." Compl. at 4 (verbatim transcription of allegation). Bates and Winters assert they are entitled to summary judgment because there are no facts indicating they were ever deliberately indifferent to plaintiff's serious medical needs.

Plaintiff does not assert that he was denied medical care altogether for his stomach pain. Indeed, both parties' statements of undisputed facts reveal that plaintiff received a great deal of medical attention in response to his complaints. <u>See</u> Def'ts' Statement of Undisputed Facts (DSUF) Nos. 9-20. In particular, plaintiff admits that Bates took him to the Correctional Treatment Center on July 16, 2000. <u>See</u> Excerpts of Transcript of 1/17/06 Deposition of Norman Washington Williams (docket no. 51) (Williams Depo.) at 66:17-19. Plaintiff was operated on shortly thereafter, on July 20, 2000. DSUF No. 2. He does not dispute that between September and December 14, 2000, he submitted only two health care request forms, after which each time he was seen by a doctor. Pl.'s Opp'n to DSUF (PDF) Nos. 26-28. Plaintiff also does not dispute that he was seen every two weeks by a doctor, and at times more if he was in pain. <u>Id</u>. Nos. 30-31. He agrees that he never asked Bates for a physician referral, and that Winters knew of the care he was receiving from Dr. Rohlfing. <u>Id</u>. Nos. 33-34. Plaintiff does not dispute that, as MTAs, Bates and Winters are "data gatherers who cannot make the decision as to whom is to be seen and when that person is to be seen." PDF No. 29. Plaintiff asserts that on certain occasions when he was experiencing "excruciating" and "life threatening" abdominal pain, defendants Bates and Winters denied plaintiff immediate access to "emergency medical treatment." Opp'n at 8-10. Plaintiff appears to point to one incident in particular, in between his regular doctor's visits, when he had to call "man down" to draw attention to his pain. PDF Nos.

6, 26.  He suggests that MTAs Bates and Winters should have attempted to provide plaintiff with immediate access to the "emergency med line" on this occasion and others, so that he might end up seeing a doctor other than his primary treating physician at the time.  See Williams Depo. at 65:25-66:4; PDF No. 32.  Plaintiff does not have the right to determine the precise course of his medical treatment, however.  Toguchi, 391 F.3d at 1058; Sanchez, 891 F.2d at 242.  And although unnecessary continuation of pain may constitute the "harm" necessary to establish an Eighth Amendment violation from delay in providing medical care, McGuckin, 974 F.2d at 1062, there is no Eighth Amendment violation if any delay in treatment is in fact not injurious.  Shapely v. Nevada Bd. Of State Prison Com'rs., 766 F.2d 404, 407 (9th Cir. 1985).  Here, while plaintiff testified at deposition that his stomach is deformed as a result of the delays in the treatment he received, Williams Depo. at 86:11-25, he offers no other evidence in support of the conclusion that any deformity is linked to delays resulting from inaction or nonresponsiveness on the part of Bates or Winters.  Plaintiff's own self-serving statements, "lacking detailed facts and any supporting evidence," cannot serve to defeat summary judgment.  F.T.C. v. Publishing Clearing House, Inc., 104 F.3d 1168, 1171 (9th Cir. 1997); Schroeder v. McDonald, 55 F.3d 454, 560 (9th Cir. 1995).  Under all the circumstances present here, when during the relevant time period plaintiff received regular medical attention as the prison doctor attempted repeatedly to diagnose him correctly, plaintiff has not pointed to any evidence establishing a material dispute as to Bates' and Winters' deliberate indifference.

Defendants Bates and Winters also assert they are immune from suit. Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.  Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  To survive a motion for summary judgment based on qualified immunity, the plaintiff must show that there are facts in the record sufficient to establish that defendants' conduct violated a constitutional right.  Saucier v. Katz, 533 U.S. 194, 201 (2001); Mitchell v.

1   Forsyth, 472 U.S. 511, 526 (1985). If no constitutional violation occurred, defendants are
2   immune from liability. Saucier, 533 U.S. at 201. If a constitutional violation occurred, the court
3   must further inquire "whether the right was clearly established." Id. "If the law did not put the
4   [defendants] on notice that [their] conduct would be clearly unlawful, summary judgment based
5   on qualified immunity is appropriate." Id. at 202.
6            Because, as indicated above, the facts before the court are insufficient to provide a
7   basis for a violation of plaintiff's Eighth Amendment rights, defendants Bates and Winters are
8   entitled to immunity from suit.
9   II. Judicial Notice
10           Both parties have filed requests for judicial notice in connection with Bates' and
11  Winters' motion for summary judgment. Defendants' request pertains to the complaint and the
12  declaration of Dr. Rohlfing filed in this action on May 19, 2006. Plaintiff's request pertains to
13  the complaint and his own declaration filed in July 2006. Neither request is proper. Both will be
14  denied. See Fed. R. Evid. 201.
15  III. Request For Subpoenas
16           Plaintiff has filed a request asking that the Clerk of the Court issue and send
17  plaintiff subpoenas so that plaintiff may subpoena witnesses for trial. It is not yet clear whether
18  this matter will proceed to trial. Therefore, plaintiff's request will be denied. Plaintiff may
19  renew his request following the issuance of a pretrial order.
20  IV. Scheduling
21           Defendants ask that the court vacate the dates established for the filing of pretrial
22  statements, pretrial conference and trial. Good cause appearing, defendants' request will be
23  granted and the dates identified above will be re-established at a later date if necessary.
24  V. Motion For Appointment Of Counsel
25           Plaintiff has requested the appointment of counsel. The United States Supreme
26  Court has ruled that district courts lack authority to require counsel to represent indigent

prisoners in § 1983 cases. <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1990); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Plaintiff's request for the appointment of counsel will therefore be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' September 13, 2006 request for judicial notice is denied;

2. Plaintiff's November 15, 2006 request for judicial notice is denied;

3. Plaintiff's February 20, 2007 request for subpoenas is denied;

4. Defendants' July 10, 2007 request that the court vacate the dates established for the filing of pretrial statements, pretrial conference and trial is granted;

5. The dates established in the court's October 12, 2006 scheduling order for the filing of pretrial statements, pretrial conference and trial are vacated; and

6. Plaintiff's July 18, 2007 request for the appointment of counsel is denied.

IT IS HEREBY RECOMMENDED that:

1. The motion for summary judgment filed by defendants Bates and Winters on September 13, 2006 be granted; and

2. Defendants Bates and Winters be dismissed from this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

/////

/////

/////

8

1  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
2  shall be served and filed within ten days after service of the objections.  The parties are advised
3  that failure to file objections within the specified time may waive the right to appeal the District
4  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
5  DATED:  August 10, 2007.

_____
U.S. MAGISTRATE JUDGE

1/will2291.57