1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   NORMAN WASHINGTON WILLIAMS,

11              Plaintiff,                    No. CIV S-04-2291 FCD KJM P

12        vs.

13   RICHARD SANDHAM, et al.,                 ORDER AND

14              Defendants.                   FINDINGS AND RECOMMENDATIONS

15   _____/

16          Plaintiff is a California prisoner proceeding pro se with an action for violation of

17   civil rights under 42 U.S.C. § 1983.  The only remaining defendant, Dr. Richard Sandham, is an

18   employee of the California Department of Corrections and Rehabilitation (CDCR).  Plaintiff

19   claims defendant deprived plaintiff of his right to be free of cruel and unusual punishment arising

20   under the Eighth Amendment by failing to provide plaintiff with appropriate medical care.

21   Several matters are before the court, including defendant's motion for summary judgment.

22   1.  Plaintiff's March 12, 2007 Motion To Compel

23          On March 12, 2007, plaintiff filed a motion asking that the court order defendant

24   to respond to his interrogatories, requests for admission and requests for production of

25   documents.  In the court's October 12, 2006 scheduling order, the parties were informed that all

26   /////

1

1  motions to compel discovery were to have been filed by February 9, 2007.  Because plaintiff has

2  failed to provide any justification for filing his motion late, it will be denied.

3  2.  <u>Defendant's March 6, 2007 Motion For Summary Judgment</u>

4         Summary judgment is appropriate when it is demonstrated that there exists "no

5  genuine issue as to any material fact and that the moving party is entitled to a judgment as a

6  matter of law."  Fed. R. Civ. P. 56(c).

7         Under summary judgment practice, the moving party

8      always bears the initial responsibility of informing the district court
    of the basis for its motion, and identifying those portions of "the

9      pleadings, depositions, answers to interrogatories, and admissions
    on file, together with the affidavits, if any," which it believes

10      demonstrate the absence of a genuine issue of material fact.

11  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c).  "[W]here the

12  nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary

13  judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers

14  to interrogatories, and admissions on file.'"  <u>Id.</u>  Indeed, summary judgment should be entered,

15  after adequate time for discovery and upon motion, against a party who fails to make a showing

16  sufficient to establish the existence of an element essential to that party's case, and on which that

17  party will bear the burden of proof at trial.  <u>See id.</u> at 322.  "[A] complete failure of proof

18  concerning an essential element of the nonmoving party's case necessarily renders all other facts

19  immaterial."  <u>Id.</u>  In such a circumstance, summary judgment should be granted, "so long as

20  whatever is before the district court demonstrates that the standard for entry of summary

21  judgment, as set forth in Rule 56(c), is satisfied."  <u>Id.</u> at 323.

22         If the moving party meets its initial responsibility, the burden then shifts to the

23  opposing party to establish that a genuine issue as to any material fact actually does exist.  <u>See</u>

24  <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986).  In attempting to

25  establish the existence of this factual dispute, the opposing party may not rely upon the

26  allegations or denials of its pleadings but is required to tender evidence of specific facts in the

2

form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists.  See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11.  The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial."  T.W. Elec. Serv., 809 F.2d at 631.  Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'"  Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any.  Fed. R. Civ. P. 56(c).  The evidence of the opposing party is to be believed.  See Anderson, 477 U.S. at 255.  All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party.  See Matsushita, 475 U.S. at 587.  Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn.  See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987).  Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . .  Where the record taken
/////

3

1  as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no

2  'genuine issue for trial.'" <u>Matsushita</u>, 475 U.S. at 587 (citation omitted).

3          On February 28, 2005 the court advised plaintiff of the requirements for opposing

4  a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure.  <u>See</u> <u>Rand v. Rowland</u>, 154

5  F.3d 952, 957 (9th Cir. 1998) (en banc), <u>cert.</u> <u>denied</u>, 527 U.S. 1035 (1999); <u>Klingele v.</u>

6  <u>Eikenberry</u>, 849 F.2d 409 (9th Cir. 1988).

7          In his complaint, plaintiff alleges that on July 16, 2000, he saw defendant for

8  stomach pain and defendant provided medication to plaintiff.  Plaintiff still experienced

9  "excruciating" pain over the course of the next four days but defendant refused plaintiff treatment

10  or further medication.  Shortly thereafter, plaintiff was taken to a hospital outside of his prison.

11  Plaintiff underwent surgery while in the hospital and remained there for eight days.  On April 15,

12  2005, the court found, pursuant to 28 U.S.C. § 1915A, that plaintiff's allegations state a claim for

13  violation of plaintiff's rights arising under the Eighth Amendment and ordered that defendant be

14  served with process.

15          Defendant asserts he is entitled to summary judgment with respect to plaintiff's

16  Eighth Amendment claim because plaintiff can not point to facts indicating that defendant

17  deprived plaintiff of constitutionally adequate medical care.  The Eighth Amendment's

18  prohibition of cruel and unusual punishment extends to medical care of prison inmates.  <u>Estelle</u>

19  <u>v. Gamble,</u> 429 U.S. 97, 104-05 (1976).  In order to state a section 1983 claim for violation of the

20  Eighth Amendment based on inadequate medical care, a prison inmate must allege "acts or

21  omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."  <u>Id.</u>

22  at 106.  Proving such a claim contains both an objective and a subjective component:  an inmate

23  must show that his condition was objectively serious and that prison officials had a sufficiently

24  culpable state of mind.  <u>Wilson v. Seiter</u>, 501 U.S. 294, 298-99 (1991).  Defendant asserts there

25  is no evidence indicating he was deliberately indifferent to plaintiff's serious medical needs.

26  /////

1    Defendant acknowledges that he treated plaintiff on July 16, 2000 at High Desert

2    State Prison for stomach pain.  Decl. of Richard Sandham at ¶¶ 2- 3.  After learning some details

3    of plaintiff's medical history, conducting a physical examination and learning of the nature of

4    plaintiff's pain, defendant diagnosed plaintiff as being constipated and treated him accordingly.

5    Id.  Defendant next saw plaintiff on July 19, 2000.  Id. ¶ 5.  Plaintiff continued to complain about

6    pain in his abdomen, but did not appear to be in acute distress.  Defendant conducted a number of

7    tests but could not determine the source of the pain.  Id.  Therefore, defendant authorized

8    plaintiff's transfer to a hospital outside the prison.  Id.  On July 20, 2000, plaintiff underwent

9    surgery during which a ruptured Meckel's diverticulum was found and plaintiff's appendix was

10   removed.  Id. ¶ 6.  In his motion, defendant asserts there are no facts suggesting defendant ever

11   refused plaintiff treatment or medication.  Mem. P. & A. in Supp. Mot. for Summ. J. (MSJ) at

12   7 n.2.

13   Nothing in the facts presented by defendant suggest defendant was deliberately

14   indifferent to plaintiff's serious medical needs.  Therefore, the burden shifts to plaintiff to

15   establish that defendant should not be granted summary judgment as to plaintiff's Eighth

16   Amendment claim.  See Matsushita Elec. Indus. Co., 475 U.S. at 586.

17   Plaintiff argues that, based on the information obtained by defendant, defendant

18   knew or should have known on July 16, 2000 that plaintiff's condition was more serious than

19   constipation.  However, plaintiff fails to point to any evidence in support of this, other than his

20   own declaration.

21   Plaintiff does complain about the manner in which defendant examined him and

22   diagnosed his problem as constipation.  Plaintiff asserts the length of time defendant examined

23   plaintiff, less than thirty minutes (Pl.'s Statement of Undisputed Facts (PSUF) Nos. 3, 5; Pl.'s

24   Aff. ¶ 2),[1] was insufficient, but plaintiff fails to present any evidence as to how long defendant

25

26   [1] In his affidavit, plaintiff also claims, on July 16, 2000, defendant conducted a "brief touch and feel examination."  (Pl.'s Aff. ¶ 2).  A "brief touch and feel examination" cannot be an

1  should have examined him.  Plaintiff asserts defendant did not look at plaintiff's "medical file"

2  on July 16, 2000 (Pl.'s Aff. ¶ 13), but plaintiff fails to point to anything indicating what was in

3  his medical file and how defendant's diagnosis would have been different if defendant had

4  looked at the file.  Furthermore, plaintiff admits, and medical records confirm, that plaintiff

5  communicated his symptoms to defendant on July 16, 2000.  PSUF No. 4; Pl.'s Ex. A at 2-3.

6       Finally, plaintiff argues that defendant's actions caused the wrong surgery to be

7  performed upon him.  Pl.'s Mem. P. & A. in Opp'n (Opp'n) at 4.  But there is simply no

8  evidence before the court that defendant either intentionally or recklessly caused plaintiff to be

9  operated upon at all, let alone for some inappropriate purpose.

10      The record before the court shows defendant treated petitioner when petitioner

11  asked to be treated; at worst, defendant misdiagnosed petitioner on July 16, 2000.  Nothing

12  suggests this misdiagnosis was intentional or the result of deliberate indifference to plaintiff's

13  health.  For these reasons, and based upon everything described above, defendant is entitled to

14  summary judgment as to plaintiff's Eighth Amendment claim.[2]

15  3.  Defendant's March 6, 2007 Request For Judicial Notice

16      With his motion for summary judgment, defendant filed a request that the court

17  take judicial notice of plaintiff's complaint and a notice of lodging of the transcript of plaintiff's

18  deposition.  Although documents can be used to establish facts, the court may take judicial notice

19  only of facts, not documents.  Fed. R. Evid. 201.  Defendant's request will be denied.

20  4.  Plaintiff's March 22, 2007 Motion For A "Fiduciary Representor"

21      On March 22, 2007, plaintiff filed a motion asking that the court appoint Jerome

22  P. Wilson to act as plaintiff's guardian *ad litem* if plaintiff has not found counsel by two weeks

23

24  accurate description of an examination that took approximately thirty minutes.

25      [2]  The court's conclusion also means that defendant should be granted summary judgment
26  under the doctrine of qualified immunity as the facts before the court are not sufficient to support
    a finding of a violation of the Eighth Amendment.  Saucier v. Katz, 533 U.S. 194, 201 (2001).

1    prior to trial. Because the court is recommending that this case be closed and, therefore, that a

2    trial not occur, plaintiff's request will be denied without prejudice to renewal if the district judge

3    does not adopt this recommendation.

4    5. <u>Plaintiff's July 18, 2007 Motion For Appointment Of An Expert Witness</u>

5                Plaintiff asks that the court appoint an expert witness to testify at trial. In light of

6    the fact that the court is recommending that this case be closed prior to trial, plaintiff's motion

7    will be denied.

8    6. <u>Plaintiff's August 6, 2007 Motion For Access To Legal Material</u>

9                Here, plaintiff asks that the officials at California State Prison Sacramento provide

10    him with certain items so he may complete his opposition to defendant's motion for summary

11    judgment. Because plaintiff has now filed his opposition, his August 6, 2007 motion will be

12    denied as moot.

13                In accordance with the above, IT IS HEREBY ORDERED that:

14                1. Plaintiff's March 12, 2007 motion to compel is denied.

15                2. Defendant's March 6, 2007 request for judicial notice is denied.

16                3. Plaintiff's March 22, 2007 motion for a "Fiduciary Representor" is denied.

17                4. Plaintiff's July 18, 2007 motion for appointment of an expert witness is denied.

18                5. Plaintiff's August 6, 2007 motion for access to legal material is denied.

19                IT IS HEREBY RECOMMENDED that:

20                1. Defendant Sandham's March 6, 2007 motion for summary judgment be

21    granted;

22                2. Defendant Sandham be dismissed from this action; and

23                3. This case be closed.

24                These findings and recommendations are submitted to the United States District

25    Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty

26    days after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties.  Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

shall be served and filed within ten days after service of the objections.  The parties are advised

that failure to file objections within the specified time may waive the right to appeal the District

Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  February 12, 2008.

_____
U.S. MAGISTRATE JUDGE

1
will2291.57